United States District Court
Southern District of Texas
FILED

OCT 0 1 2007

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHEAL SHANKS<br>Plaintiff | §<br>§<br>§ | |
| v. | §<br>§<br>§ | H-07-3197<br>Civil Action No. _____ |
| METROPOLITAN TRANSIT AUTHORITY<br>OF HARRIS COUNTY, TEXAS<br>Defendant | §<br>§<br>§<br>§ | |

## DEFENDANTS METROPOLITAN TRANSIT AUTHORITY
## OF HARRIS COUNTY'S NOTICE OF REMOVAL

NOW COMES Defendant Metropolitan Transit Authority of Harris County ("METRO") and pursuant to 28 U.S.C. §1441(a), hereby removes the below-referenced action to federal court.

### I.
### REMOVED ACTION

1.  The action removed was originally filed in the 125th Judicial District of Harris County, Texas under Cause Number 2007-48595. Thereafter, Plaintiff served the summons and complaint on Defendant on September 4, 2007. A copy of the Plaintiff's original complaint and summons, the only documents filed with the state court, are attached to this notice as required by 28 U.S.C. §1446(a). *See* Exhibits 1 and 2.

2.  Defendant received its first notice of this lawsuit on September 4, 2007. Defendant has filed this notice of removal within the 30-day time period required by 28 U.S.C. §1446(b).

3.  Removal is proper because plaintiff's suit involves a federal question. 28 U.S.C. §§1331, 1441(b); *Smith v. Amedisys Inc.,* 298 F.3d 434 (5th Cir. 2002); *Medina v. Ramsey Steel Company,* 238 F.3d 674 (5th Cir. 2001). Plaintiff identifies Title 29 Chapter 8 of the Fair Labor Standards Act in paragraph 7 of the original petition. *See* Exhibit 1. The Plaintiff's original petition also includes a cause of action based on common-law breach of contract. This claim is removable in conjunction with the federal question claims under 28 U.S.C. §1441(c).

4.  28 U.S.C. §1441(a) provides that removal is proper if the federal district court would have had original jurisdiction over the claim. Jurisdiction over fair labor standards claim is conferred on the federal district court by 29 U.S.C. § 203 *et. seq.* Venue is proper in the Southern District of Texas under 28 U.S.C. §1441(a) because all acts forming the basis of this lawsuit occurred therein, and because Defendant's principal place of business is located in Houston, Texas.

5.  Defendant will promptly file a copy of this notice of removal with the clerk of the state court where the action has been pending.

6.  Accordingly, Defendant Metropolitan Transit Authority hereby notifies this Court of its removal of Plaintiff's lawsuit to federal court based on federal question jurisdiction pursuant to 28 U.S.C. §1441(b).

Respectfully submitted,

_____
Hao Le
Southern District Admission No. 31134
Texas State Bar No. 00796937
P. O. Box 61429
Houston, Texas 77208-1429
(713) 652-7951
(713) 739-4699 FAX

OF COUNSEL:

Metropolitan Transit Authority of Harris County
1900 Main Street
Houston, Texas 77208

## CERTIFICATE OF SERVICE

    I certify that a true and correct copy of the foregoing instrument has been served by ECF or U.S. Mail, Certified, Return Receipt Requested on this the 1stday of October, 2007 to:

Herschel P. Cashin
3730 Kirby Drive, Suite 108
Houston, Texas 77098

                                                         /s/ Hao Le
                                                       _____
                                                       Hao Le

# EXHIBIT 1

RECEIPT NUMBER __334515__  0.00
TRACKING NUMBER __72214375__  CIV

CAUSE NUMBER __200748595__

| | |
|---|---|
| PLAINTIFF: SHANKS, MICHAEL<br>vs.<br>DEFENDANT: METROPOLITAN TRANSIT AUTHORITY | In The 125th<br>Judicial District Court of<br>Harris County, Texas |

## CITATION CORPORATE

THE STATE OF TEXAS
County of Harris

**RECEIVED**
SEP 0 4 2007
LEGAL DEPT.
METROPOLITAN TRANSIT AUTHORITY

TO: METROPOLITAN TRANSIT AUTHORITY BY SERVING ITS REGISTERED AGENT
PRESIDENT AND CEO FRANK WILSON

1900 MAIN STREET  HOUSTON TX 77002

Attached is a copy of __PLAINTIFF'S ORIGINAL PETITION__

This instrument was filed on the __13th__ day of __August__, 20 __07__, in the above cited cause number and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED; you may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

**TO OFFICER SERVING:**

This Citation was issued under my hand and seal of said Court, at Houston, Texas, this __21st__ day of __August__, 20 __07__.

*[signature]*

Issued at request of:
CASHIN, HERSCHEL P.
3730 KIRBY DR #1208
HOUSTON, TX 77098
Tel: (713) 831-6834
Bar Number:  3966650

CHARLES BACARISSE, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
P.O. Box 4651, Houston, Texas 77210

Generated by: GILLESPIE, JACQUELYN   2MA/FDC/7926

### OFFICER/AUTHORIZED PERSON RETURN

I received this citation on the _____ day of _____, 20___, at_____ o'clock ___.M., endorsed the date of delivery thereon, and executed it at _____, _____,
                                                                                                                                 (street address)                                (city)
in _____ County, Texas on the __4th__ day of __September__, 20 __07__, at __3:40__ o'clock __P__. M., by delivering to _____, by delivering to its
                                       (the defendant corporation named in citation)
_____, in person, whose name is _____,
(registered agent, president, or vice-president)
a true copy of this citation, with a copy of the _____ Petition attached,
                                                                            (description of petition, e.g., "Plaintiffs Original")
and with accompanying copies of _____.
                                                          (additional documents, if any, delivered with the petition)
I certify that the facts stated in this return are true by my signature below on the __4th__ day of __September__, 2007.
FEE: $ _____                                       By: _____
                                                                      (signature of officer)
                                                     Printed Name: _____

*[signature]*
Affiant Other Than Officer                As Deputy for: _____
                                                                  (printed name & title of sheriff or constable)

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, 20 ____.

_____
Notary Public

N.INT.CITC.P

# EXHIBIT 2

2007-48395

| | | |
|---|---|---|
| MICHAEL SHANKS | § | IN THE DISTRICT COURT |
| | § | |
| V | § | OF HARRIS COUNTY, TEXAS |
| | § | |
| METROPOLITAN TRANSIT AUTHORITY | § | _____ JUDICIAL DISTRICT |

## ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW MICHAEL SHANKS, Petitioner in the above styled and numbered cause and files this suit against the Metropolitan Transit Authority, herein after referred to as Defendant, and for cause will show this Honorable court the following;

### I.
### DISCOVERY CONTROL PLAN LEVEL

Plaintiff affirmatively pleads that he seeks monetary relief of more than $100,000.00, excluding costs, prejudgment interest and attorney fees, and intends that discovery be conducted under Discovery Level 2.

### II.
### PARTIES AND SERVICE

Plaintiff, Michael Shanks, is an individual residing at 2670 Grand Canyon Street in Houston, Harris County Texas 77067. Defendant, Metropolitan Transit Authority also referred to as METRO, authorized to do business in the state of Texas, whose address is 1900 Main Street in Houston, Harris County, Texas 77002. Defendant may be served with process upon its registered agent for service, President and CEO Frank Wilson whose address is 1900 Main Street in Houston, Harris County Texas 77002.

### III.
### JURISDICTION AND VENUE

The subject matter of this controversy is within the jurisdictional limits of this court.

This court has jurisdiction over the parties because Defendant is doing business in Texas and this cause of action arose in Houston, Harris County, Texas.

Venue in Harris County is proper in this cause, because this is where the Plaintiff resides and this is where the cause of action arose.

## VI.
## CONDITIONS PRECEDENT

Petitioner will show that he has complied with all conditions precedent required prior to filing this law suit. He has exhausted all of the administrative remedies that are available through his employer Metro. He sent them a demand letter on July 14, 2006. Finally, he filed an EEOC claim against Metro and received his right to sue letter in May of 2007.

## VII.
## FACTS

In June of 1995, Plaintiff began working for Defendant as a Mini Bus operator. At the time, he was promised that after 1 year of employment, he would receive promotions as long as he remained an employee of good standing. At that time his salary was $7.54 per hour.

In 1996, he should have been promoted as promised to a salary of $14.80 per hour. However his salary remained at $7.54 per hour until 1999.

In 1999, a Tier I and Tier II pay schedule was implemented. Plaintiff should have been, at that time, a Tier I employee making $17.25 per hour. However, he was classified as a Tier II employee making only $15.10 per hour.

From 2004 through 2005 Plaintiff was still classified as a Tier II employee making $15.77 per hour instead of $17.77 per hour as we contend he should been making.

From 2005 through 2006 he should have been making $17.95 per hour instead of the $15.99 he has been making.

Petitioner will show that he has been underpaid in regards to vacation pay.

Petitioner will show that he has not been properly compensated for the overtime pay that he is entitled to. Specifically, he should have been paid $14.80 per hour instead of the $7.54 per hour that he has been paid in overtime from 1996 through 2003.

V.

Petitioner will show that Defendant has continuously maintained a suppressive work environment in terms of his denial of the promotions that he has been entitled to. As well as intentionally denying him the pay that he is entitled to.

VI.

PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT

Plaintiff will show that Defendant has continuously violated the labor agreement with the union in respect to their treatment of Petitioner in regards to the payment of overtime as well as in regards to the promotion of Petitioner.

VII.

VIOLATION OF FAIR LABOR STANDARDS ACT

Petitioner will show that Defendant's actions are presently and have been in violation of Title 29 Chapter 8 of the Fair Labor Standards Act. Defendant's actions and course of conduct have shown a continuous and willful pattern of violations. Defendant has violated the Fair Labor Standards Act in regards to Petitioner's vacation, holiday, severance and sick pay, and continues to violate Petitioner's rights.

VIII.

DAMAGES

Petitioner requests that he be able to collect all unpaid wages including but not limited to unpaid overtime compensation for the past years, vacation pay, holiday, severance pay, and any and all other damages in law or equity as he may show himself entitled to. In addition, Petitioner seeks the promotion that he has been entitled to, and the payment of wages lost associated thereto and an additional equal amount as liquidated damages.

IX.

ATTORNEY'S FEES, AND COST

Petitioner prays that he able to recover all attorney fee's that he has incurred in the prosecution of this matter. In addition, Petitioner prays that he recover his cost of court, including prejudgment and post judgment interest that may be incurred in the appeal of this matter.

## X.
## PRAYER

WHEREFORE PREMISES CONSIDERED , Plaintiff respectfully prays that THE Defendant be sited to appear and answer herein, and that upon a final hearing of this cause, judgment be entered for Plaintiff against Defendant for damages in the amount within the jurisdiction of this court; together with pre-judgment interest from the date of injury through the date of judgment at the maximum rate allowed by law; post-judgment interest at the legal rate, cost of court; and such other and further relief to which Plaintiff may show he may be entitled at law or in equity.

Respectfully submitted,

By: *[signature]*
Herschel P. Cashin
Texas Bar No. 03966650
3730 Kirby Dr. Suite 108
Houston, Texas 77098
713-831-6834
Fax 713-831-6851
Attorney for Michael Shanks